JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion.
First, I cannot agree with the Court’s implicit suggestion that the petition Common Cause filed with the Commissioner was one for a general rulemaking proceeding pursuant to § 5-7-111, MCA. The petition was made pursuant to § 2-4-315, MCA, and specifically requested promulgation of the proposed rules contained therein. As the Court recognizes, § 2-4-315, MCA, authorized the Commissioner — in his discretion — to either timely deny the petition in writing or institute rulemaking proceedings thereon in accordance with §§ 2-4-302 through 2-4-305, MCA. The Commissioner exercised his statutory discretion and denied the petition, stating as reasons that *396 the proposed rules would impermissibly alter, amend and enlarge the statutory provisions and that the rules were not reasonably necessary to promote the purposes of the Lobbying Act. The Montana Administrative. Procedure Act (MAPA) does not provide for judicial review of a decision by the Commissioner pursuant to § 2-4-315, MCA.
Nor can I agree with the Court’s several judicial revisions of § 2-4-315, MCA. The statute is clear, and rather limited, in authorizing a petition by an interested person requesting the promulgation of “a rule.” Yet the Court at least implicitly rewrites § 2-4-315, MCA, to authorize or encompass a petition requesting the Commissioner to initiate generalized rulemaking proceedings pursuant to § 5-7-111, MCA, thereunder. Nothing in § 2-4-315, MCA, authorizes such a petition.
Having recast both the request originally filed by Common Cause and the statute under which it was submitted, the Court then adds to § 2-4-315, MCA, a requirement that receipt of a request for rule-making thereunder mandates the Commissioner to initiate a rulemaking procedure to determine whether rules are “necessary” pursuant to § 5-7-111, MCA. Such a requirement exists in neither statute.
Moreover, the Court judicially revises § 2-4-315, MCA, to provide Common Cause with a remedy it has not requested — namely, a “rulemaking proceeding” to provide a record upon which the Commissioner may again exercise his discretion regarding whether rulemaking is necessary. Common Cause specifically sought mandamus in the District Court to compel the Commissioner to institute a rulemaking proceeding “for the purpose of promulgating and publishing rules that specify activities encompassed within the Act’s definition of lobbying.” The Court refuses to grant mandamus in accord with Common Cause’s request, determining that the ultimate decision regarding what rules, if any, are “necessary” under § 5-7-111, MCA, remains a matter within the Commissioner’s discretion. While I agree that the requested mandamus cannot issue and that the “necessity” determination ultimately rests with the Commissioner, I cannot agree to the creation of an unrequested remedy not authorized by any statute. It is this Court’s obligation to either affirm the District Court’s denial of the requested writ of mandamus or reverse that denial. It is not our job to rewrite the requested relief, create a remedy, and then rely on those actions to reverse the District Court.
Finally, I disagree with the Court’s analysis of mandamus and its applicability here. The Court apparently concedes that our cases apply the “clear legal duty” aspect of mandamus narrowly, and *397 correctly notes that the statutory directive of § 5-7-111, MCA, contains the discretionary “necessary” component. The Court then relies primarily on Commonwealth, in which the Third Circuit Court of Appeals determined that the phrase “as may be necessary” might support mandamus. There, the allegation was that the Secretary of Housing and Urban Development totally failed to perform certain statutory duties. The Third Circuit determined that “as may be necessary” required the Secretary to “first consider whether or not action should be taken.” Commonwealth, 520 F.2d at 26. The Third Circuit then stated that “[i]t is sufficient if the Secretary, having considered whether action should be taken, then determines that no action is necessary.” Commonwealth, 520 F.2d at 26. Finally, the Third Circuit concluded that “mandamus may issue to require the exercise of permissible discretion, although the maimer in which the discretionary act is to be performed is not to be directed by the court.” Commonwealth, 520 F.2d at 27 (citations omitted).
In the case presently before us, the Commissioner already has considered whether action should be taken and has exercised his discretion to determine that it should not. Thus, this case is factually distinguishable from Commonwealth. The lack of exercise of “permissible discretion” — which was the basis of the Third Circuit’s determination in Commonwealth that mandamus might issue — does not exist in this case.
Finally, the Court’s apparent reliance on the “hearing” required in Commonwealth to support its creation of a required “rulemaking proceeding” for the purpose of determining “necessity” is misplaced. As I read that case, the hearing required by the Third Circuit “at which the facts bearing upon this allegation may be developed” is the hearing in the federal district court on remand to determine the propriety of mandamus. See Commonwealth, 520 F.2d at 27. The hearing was required because of the allegation that the Secretary had failed to perform the statutory duties, including the total failure to exercise discretion. Thus, the hearing on remand in Commonwealth was to determine whether the Secretary had considered and evaluated the necessity of taking action.
Here, the Commissioner has exercised his permissible discretion. Nothing more can properly be accomplished by improperly issuing mandamus to require a “rulemaking proceeding” which is not authorized or contemplated by statute. If the Court’s intent is to judicially create a “contested case” proceeding under MAPA where none has been provided by the legislature, in order to provide for judicial *398 review of the Commissioner’s subsequent exercise of discretion, it constitutes the kind of judicial activism which squarely intrudes into the legislature’s domain.
I would affirm the District Court’s denial of the application for a writ of mandamus.